Order, Supreme Court, Bronx County (Colleen D. Duffy, J.), entered on or about September 25, 2012, which, upon a jury verdict finding that respondent is a detained sex offender who has committed a designated felony that was “sexually motivated” within the meaning of Mental Hygiene Law § 10.03 (g) (4), and that respondent suffers from a “mental abnormality,” determined that respondent is a dangerous sex offender requiring confinement, unanimously affirmed, without costs.
*542 The jury’s verdict that respondent committed a “designated felony” that was “sexually motivated” was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; Rose v Conte, 107 AD3d 481, 483 [1st Dept 2013]). Expert testimony and respondent’s own testimony constituted clear and convincing evidence that the acts constituting respondent’s 1994 offenses of two counts of first-degree robbery and one count of attempted first-degree robbery were “committed in whole or in substantial part for the purpose of [respondent’s] direct sexual gratification” (Mental Hygiene Law § 10.03 [s]). Among other things, it is undisputed that when committing first-degree robbery in July 1994, respondent confronted a 14-year-old girl in an elevator with a knife, and forced her to expose her breasts and perform oral sex on him.
The jury’s verdict that respondent suffers from a mental abnormality (see Mental Hygiene Law § 10.03 [i]) was not against the weight of the evidence. The expert testimony offered by the State at the trial constituted clear and convincing evidence that respondent suffers from a condition known as “paraphilia NOS nonconsent” and antisocial personality disorder, which “affects [his] emotional, cognitive, or volitional capacity . . . in a manner that predisposes him ... to the commission of conduct constituting a sex offense and that results in [respondent] having serious difficulty in controlling such conduct” (Mental Hygiene Law § 10.03 [i]; see Matter of State of New York v Shannon S., 20 NY3d 99, 106-107 [2012], cert denied 568 US —, 133 S Ct 1500 [2013]; Matter of State of New York v William W., 103 AD3d 521 [1st Dept 2013], appeal dismissed 21 NY3d 931 [2013]). Issues raised by respondent’s expert over the viability and reliability of respondent’s diagnosis were properly reserved for resolution by the jury, and we find no basis to disturb its findings (see Shannon S., 20 NY3d at 107). Contrary to respondent’s contentions, a mental abnormality “need not necessarily be one so identified in the DSM [Diagnostic and Statistical Manual of Mental Disorders] in order to meet the statutory requirement” (id. at 106, quoting United States v Carta, 592 F3d 34, 40 [1st Cir 2010]). Furthermore, the absence of proof that respondent committed any sexual offenses while he was incarcerated “need not be treated as negating or disproving the diagnosis” (William W., 103 AD3d at 521), as the jury was entitled to credit the State’s expert’s opinion that respondent had limited access to a “victim pool” of young, vulnerable females and the conditions that were consistently present when respondent committed his prior sexual offenses. Moreover, it is undisputed that respondent failed to complete a sex offender program during the eighteen years in which he has been impris *543 oned or confined to a mental health institution, and respondent’s own expert acknowledged that respondent was generally evasive, vague and, in many cases, untruthful when discussing his prior sex offenses. In addition, the records of his most recent treatment showed that he was “difficult with the staff” and “verbally aggressive.” Finally, the State’s expert’s diagnosis was supported by respondent’s own trial testimony in which he admitted to committing the acts constituting numerous sexual offenses in 1991 and 1994, at least three of which were committed against minors as young as nine years old.
We have considered respondent’s remaining contentions and find them unavailing. Concur — Gonzalez, EJ., Tom, Renwick, Freedman and Clark, JJ.